No. 86-302

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

FRAZER SCHOOL DISTRICT NO. 2,

Appellant and Respondent,

-vs-

BETH M. FLYNN; SUPERINTENDENT OF
PUBLIC INSTRUCTION; ALFREDA DRABBS,
VALLEY COUNTY SUPERINTENDENT OF SCHOOLS;
AND DELORES HUGHES, SUBSTITUTE HEARING
OFFICER,

Respondents and Appellants.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable Leroy McKinnon, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

John W. Larson, Office of Public Instruction, Helena,
Montana
G. T. Archambeault, for Beth Flynn, Glasgow, Montana

For Respondent:

James D. Rector, Glasgow, Montana

For Amicus Curiae:

Bruce W. Moerer, Montana School Boards Assoc., Helena,
Montana

Submitted on Briefs: Jan. 7, 1987

Decided: February 5, 1987

Filed: FEB 5 - 1987

_Ethel M. Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Seventeenth Judicial District, in and for Valley County, Montana. The order reversed a decision of the State Superintendent of Public Instruction which allowed a tuition transfer for appellant. We affirm the order of the District Court denying the tuition transfer.

Beth M. Flynn (appellant) a resident of the Frazer School District, removed her child from the Frazer school to the Wolf Point school. She then requested the Frazer School Board to approve her tuition application pursuant to § 20-5-302, MCA. The School Board reviewed her application, and based on policy and statutory considerations, rejected it.

Appellant appealed the decision to the Valley County Superintendent of Schools. By request of the parties, Dolores Hughes, County Superintendent of Phillips County, heard oral testimony and affirmed the School Board's decision. A further appeal to the State Superintendent of Public Instruction resulted in reversal of the decision denying tuition transfer. The Frazer School Board appealed to the District Court, which reversed the order of the State Superintendent of Public Instruction and reinstated the decision of the Frazer School Board, denying a tuition transfer. Appellant appeals from the decision of the District Court.

We are asked to determine whether the decision of the District Court complies with the Montana Administrative Procedures Act, specifically § 2-4-704, MCA, and § 2-4-623, MCA, and whether the decision of the Valley County Superintendent of Schools is contrary to law. The first

2

issue is dispositive, as it is the only issue within the scope of review of this Court.

The Montana Administrative Procedures Act (MAPA) permitting "an aggrieved party [to] obtain review of a final judgment of a district court . . . by appeal to the Supreme Court . . . " set forth at § 2-4-711, MCA, must be followed in this case. Yanzick v. School District #23 (1982), 196 Mont. 375, 383, 641 P.2d 431, 436. The appeal to the County Superintendent was in effect a trial de novo with witnesses and recorded evidence, while the appeal to the State Superintendent was based on the record.

The standard of review applicable to the District Court is set forth in § 2-4-704, MCA, which reads in pertinent part:

> (1) The review shall be conducted by the court without a jury and shall be confined to the record . . . The court, upon request, shall hear oral argument and receive written briefs.
>
> (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, . . . conclusions, or decisions are:
>
> . . .
>
> (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

Under this section, neither the District Court nor the Superintendent of Public Instruction may substitute his

3

judgment for that of the County Superintendent as to the weight of the evidence on questions of fact.

When considering whether the District Court erred in its review of the State Superintendent's decision, we will not overturn the District Court unless we find its decision to be clearly erroneous. Rule 52(a), M.R.Civ.P. In this proceeding the District Court was not the trier of fact. We have here an appeal from a lower appellate tribunal, the State Superintendent of Public Instruction, which in turn based his conclusions on a review of the printed record, without the benefit of listening to and observing the demeanor, conduct, and testimony of witnesses. We will reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings and conclusions are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. See Yanzik, supra, 196 Mont. at 388, 641 P.2d at 439.

MAPA provides that the County Superintendent shall hear all controversies relating to tuition application and take testimony to determine the facts. Section 20-3-210, MCA. This procedure was followed. The statute also provides for an appeal of the decision of the County Superintendent to the State Superintendent of Public Instruction, who makes a decision based on the record. This procedure also was followed.

The standard of review for the State Superintendent is found in Rule 10.6.125, Administrative Rules of Montana, (ARM). The Superintendent of Public Instruction has incorporated by reference the Model Rules of the Attorney General for rule making procedure. Pursuant to that procedure, Rule 10.6.101, Scope of Rules, was adopted, and became effective in September, 1982. Subsection (e) says:

4

> All controversies arising under any other provision of Montana law or federal law for which a procedure for resolving controversies is not expressly prescribed shall be governed by these rules.

Rule 10.6.125, ARM, sets out the standard of review for the State Superintendent. Subsection (4) of the Rule is virtually identical to § 2-4-704(2), MCA.

> 10.6.125 APPELLATE PROCEDURE-STANDARD OF REVIEW.
>
> . . .
>
> (4) The state superintendent may not substitute his judgment for that of the county superintendent as to the weight of the evidence on questions of fact. The state superintendent may affirm the decision of the county superintendent or remand the case for further proceedings or refuse to accept the appeal on the grounds that the state superintendent fails to retain proper jurisdiction on the matter. The state superintendent may reverse or modify the decision if substantial rights of the Appellant have been prejudiced because the findings of fact, conclusions of law and order are:
>
> (a) in violation of constitutional or statutory provisions;
>
> (b) in excess of the statutory authority of the agency;
>
> (c) made upon unlawful procedure;
>
> (d) affected by other error of law;
>
> (e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;
>
> (f) arbitrary or capricious or characterized by abuse of discretion or

clearly unwarranted exercise of discretion; [or]

(g) because findings of fact upon issues essential to the decision were not made although requested.

The decision of the State Superintendent was appealed to the District Court. After reviewing the record the court determined that in reaching a different result under the same set of facts the State Superintendent exceeded his authority by substituting his opinion for that of the Frazer School Board and the County Superintendent. We agree. After our review of the record, we conclude it contains substantial evidence supporting the County Superintendent's findings of fact. The State Superintendent's order includes findings which are not part of the record, or are irrelevant, or are conjectures or conclusions, rather than facts. Findings of the reviewing agency properly cannot be included as facts when they are not part of the findings below. It is irrelevant that the School District approved a tuition grant for another family who had a child in need of special education. The School Board has broad discretionary authority in this area pursuant to § 20-5-302, MCA. Further, there is evidence on the record the Board exercised its discretionary authority according to the criteria found in § 20-5-302, MCA.

The order of the State Superintendent of Public Instruction substitutes the Superintendent's judgment for that of the Valley County Superintendent of Schools, in violation of Rule 10.6.125, ARM. The reviewing agency must confine itself to an analysis of whether the findings are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or are arbitrary or capricious or characterized by abuse of discretion.

The District Court in reviewing the order of the State Superintendent of Public Instruction is required to and did adhere to this standard. Thus, it did not err in finding the State Superintendent had exceeded his authority. Therefore the order of the District Court upholding the Frazer School Board's denial of tuition transfer is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:


The majority opinion is written in complete ignorance of the only real issue in this case: Whether the Frazer School Board considered the factors set out in § 20-5-302, MCA, in denying Flynn's out-of-district tuition money. The Board failed miserably and its decision should not be affirmed.

When approval is sought from a school board for out-of-district tuition so that pupils can attend elementary schools, the members of the school board individually are to consider under § 20-5-302, MCA, the following factors:

(1) The distance and road conditions between the child's residence and any school of his resident district;

(2) The training center of the child's parents;

(3) An opportunity to live with his relatives;

(4) Dormitory facilities in the district to be attended;

(5) The living conditions of the child's family;

(6) The availability of transportation; or

(7) The type of educational program available in the school to be attended.

The Flynn's appealed the denial by the School Board of their tuition transfer request to the county superintendent. Only two of the factors set out in § 20-5-302, MCA, were considered by the county superintendent. She found in finding no. 10 that each of the petitioners is provided transportation by the school district to the Frazer school and that each of the petitioners lived nearer to the Frazer school than to the Wolf Point school. None other of the factors set out § 20-5-302, MCA, were considered by the

- 8 -

county superintendent, nor were they considered by the school Board.

If we look at the minutes of the October 14, 1984 meeting of the School Board at which the tuition transfer request was denied, we find the only reasons suggested by the district superintendent to the Board were: (1) "874 monies are theoretical, (2) the principle of quality of education, and (3) this will not set a good precedent."

Under the testimony of one of the school district board members before the county superintendent, it developed that the Board habitually ignores the requirements of § 20-5-302. He testified:

> Q. Has the Board had a policy concerning tuition transfers? A. Yes. Our policy since I have been on is that, as long as a person lives on a bus route, we do not grant tuition.

Mr. Clark was further asked on the factors considered by him as a board member:

> Q. Available transportation, trade center, road conditions, emergency service, relatives in Wolf Point, and the children already started their education in Wolf Point. Are those legitimate reasons for transfer of tuition under the statutes of Montana? A. No, not in my opinion.

It is obvious that the School Board has set itself above the law, and when tuition transfers are requested, such requests will be denied if the applicant child lives on a school bus route. Yet, availability of transportation is only one of the factors set out in § 20-5-302, MCA, that the board should consider and pass upon individually.

When the appeal was taken by the Flynns from the decision of the county superintendent further denying the tuition transfer to the State Superintendent of Public Instruction, the State Superintendent saw the flaw in the school board proceedings and corrected the same by reversing

the county superintendent and directing the school board to provide tuition transfers. The State Superintendent was right as rain.

The majority opinion complains that the State Superintendent "substitutes the superintendent's judgment for that of the Valley County Superintendent." He certainly did, and rightly so. The decision of the School Board, and of the county superintendent, were clearly erroneous in view of the reliable probative and substantial evidence on the whole record (§ 2-4-704(2)(e), MCA) and the decision of the School Board and of the county superintendent was arbitrary, capricious, an abuse of discretion and a clearly unwarranted exercise of discretion. Section 2-4-704(2)(f), MCA.

The only stricture on the State Superintendent when an appeal is taken to him from a county superintendent is that he may not "substitute his judgment for that of the county superintendent as to the weight of the evidence on questions of fact." Rule 10.6.125(4), A.R.M. In this case the superintendent did not substitute his judgment for that of the county superintendent on questions of fact because there were no questions of fact to weigh. The school board and the county superintendent failed entirely to consider the factors required to be considered under § 20-5-302, MCA for tuition transfers. The State Superintendent was perfectly correct in determining that such procedure before the School Board and before the county superintendent was arbitrary, capricious and required to be overruled.

I would affirm the decision of the State Superintendent, and thus reverse the District Court.

_____
Justice

I concur in the foregoing dissent:

Justice William E. Hunt, Sr.